IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUANITA LEWIS-HATTON | : | |
|     Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | NO. |
| | : | |
| WAL-MART STORES EAST, LP | : | JURY TRIAL DEMANDED |
|     Defendant | : | |
| | : | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Wal-Mart Stores East, LP (hereinafter "Wal-Mart") is represented by undersigned counsel in this matter. Wal-Mart files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a), (b), 1446(b) and (c)(2) to remove this action from the Court of Common Pleas of Philadelphia County, October Term 2013, No. 419, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. In support thereof, Wal-Mart avers as follows:

    1.    On October 9, 2013, Plaintiff initiated a civil action which is pending in the Court of Common Pleas of Philadelphia County, Pennsylvania under October Term, 2013, No. 419. A true and correct copy of Plaintiff's Complaint is attached hereto and marked as Exhibit "A".

    2.    Pursuant to stipulation, the originally named defendants were dismissed as parties to the action and the proper Wal-Mart entity, Wal-Mart Stores East, LP, was named as the sole Defendant.

    3.    Plaintiff's premises liability action stems from an alleged slip and fall due to an alleged "accumulation of spilled and crushed produce and other food". See Exhibit "A", ¶ 5.

    4.    In her Complaint, Plaintiff demanded damages not in excess of the arbitration limit of $50,000. See Exhibit "A".

5.  On or about November 14, 2013, Wal-Mart filed its Answer to Plaintiff's Complaint with New Matter, a true and correct copy of which is attached hereto and marked as Exhibit "B".

6.  In its New Matter, Wal-Mart alleged that Plaintiff's damages, if any, are limited to an amount not in excess of $50,000 and $75,000.  See Exhibit "B", ¶¶ 23, 24.

7.  On December 3, 2013, Plaintiff filed her Reply to New Matter in which she denied all averments in Wal-Mart's New Matter, including paragraphs 23 and 24 regarding the extent of Plaintiff's damages, if any.

8.  Noting the discrepancy between Plaintiff's initial demand for damages not in excess of $50,000 and Plaintiff's subsequent denial that damages were limited to amounts not in excess of $50,000 and $75,000, Wal-Mart's counsel sought clarification with Plaintiff's counsel.

9.  Specifically, on December 16, 2013, Wal-Mart's counsel inquired as to whether Plaintiff was agreeable to limiting her damages to avoid removal to federal court.  A true and correct copy of the undersigned's December 16, 2013 correspondence with proposed Stipulation to Limit Damages are enclosed herewith and marked collectively as Exhibit "C".

10. Pursuant to 28 U.S.C. § 1446(b), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . ."

11. This Notice of Removal is filed within thirty (30) days of notice that Plaintiff denies and refuses to stipulate that her claims are limited to an amount not in excess of $75,000.

12. A notice of removal may assert the amount in controversy where the initial pleading seeks a money judgment, but the State practice does not permit a demand for a specific

sum or permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A).

13. The State Court wherein this action was originally filed is located in Philadelphia, Pennsylvania, which is embraced within this jurisdictional district.

14. Removal from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

15. Removal is proper on the basis of an amount in controversy asserted under § 1446(c)(2)(A) if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B).

16. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and based on a preponderance of the evidence as set forth herein, the matter in controversy exceeds $75,000.

17. Plaintiff is a citizen of the Commonwealth of Pennsylvania residing at 3912 Poplar Street, Philadelphia, Pennsylvania. See Exhibit "A", ¶ 1.

18. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas.

19. Wal-Mart Stores, Inc. is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP through various wholly owned operating entities as follows: Wal-Mart Stores, Inc. (hereinafter "WMSI") is the sole (100%) owner of Wal-Mart Stores East, LLC (hereinafter "WMSE LLC"), which is an Arkansas Limited Liability Company with its principal place of business in Aransas. WMSE LLC is the sole (100%) owner of WSE Management, LLC and

WSE Investment, LLC, which are both Delaware Limited Liability Companies whose principal places of business are in Arkansas. WSE Investment, LLC is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP is owned by two Delaware Limited Corporations whose sole owner and shareholder is an Arkansas Limited Liability Corporation (WMSE LLC), which in turn is wholly owned by a Delaware Corporation, WPSI. None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania.

20. Plaintiff's Complaint contains allegations of negligence arising out of a slip and fall while Plaintiff was in Wal-Mart Store #5891 in Philadelphia, Pennsylvania. See Exhibit "A".

21. According to the Complaint, Plaintiff sustained severe, disabling and permanent bodily injuries to, among other things, her head, neck, back, and upper and lower extremities, the full extent of which have yet to be determined. Id. at ¶ 8.

22. Plaintiff alleges that she has been, is currently, and will continue to be rendered sick, sore, lame and disordered, and that she will in the future sustain pain, harm, damage and suffering. Id. at ¶ 9.

23. Plaintiff alleges she has sustained loss of earnings and earning power, which losses will continue into the future. Id. at ¶ 12.

24. As described herein, Plaintiff denies in her Reply to New Matter that her damages are limited to $75,000. Recent decisions from this Court have deemed such a denial sufficient to warrant removal. See Louise Alston v. Wal-Mart Stores East, LP, No. 2:12-cv-03491-EL, Mem. (E.D. Pa. Sept. 20, 2012); Howard v. Wal-Mart Supercenter, 2009 U.S. Dist. LEXIS 112078

(E.D. Pa. Dec. 30, 2009); <u>Bishop v. Sam's East, Inc.</u> 2009 U.S. Dist. LEXIS 53082 (E.D. Pa. June 23, 2009).

25. As further proof that removal is warranted is Plaintiff's refusal to stipulate to limit damages to an amount not in excess of $75,000.

26. In light of Plaintiff's allegations, including those alleging severe and permanent injury, loss of earnings, an future loss of earnings and earning power, as well as Plaintiff's denial that damages are limited to an amount not in excess of $75,000, and Plaintiff's refusal to execute a stipulation to limit damages, the preponderance of the evidence establishes that the matter in controversy is in excess of $75,000 exclusive of interest and costs.

27. Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a) and (b) and §§ 1446(b) and (c) have been satisfied and the within matter is properly removable.

**WHEREFORE**, Defendant Wal-Mart Stores East, LP respectfully requests that the State Action be removed from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Date: 12/27/2013

McDONNELL & ASSOCIATES, PC

/s/ Marc R. Kamin
Patrick J. McDonnell, Esquire,
Attorney I.D. No. PA 62310
Marc R. Kamin, Esquire
Attorney I.D. No. PA 307464
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
(T) 610.337.2087 (F) 610.337.2575
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUANITA LEWIS-HATTON<br>Plaintiff | : | CIVIL ACTION - LAW |
| v. | : | NO. |
| WAL-MART STORES EAST, LP<br>Defendant | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Marc R. Kamin, Esquire hereby certify that a true and correct copy of Defendant's Notice of Removal was caused to be filed and that said Notice of Removal was served via U.S. First Class Mail, postage pre-paid, on this date to the counsel below named:

John A. Spitale, Esquire
Christopher L. Giddings, PC
3000 Market Street, Suite 201
Philadelphia, PA 19104
(*Plaintiff's Attorney*)

McDONNELL & ASSOCIATES, PC

Date: 12/27/2013

/s/ Marc R. Kamin
Marc R. Kamin, Esquire
*Attorneys for Defendant*