### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUANITA LEWIS-HATTON** | : | |
| | : | **CIVIL ACTION** |
| vs. | : | |
| | : | **NO.:  13-07619** |
| **WAL-MART STORES EAST, LP** | : | |
| *Defendant* | : | |

### ORDER

AND NOW, this_____day of _____, 2014, upon consideration of

Plaintiff's Motion to Remand Case Back to Court of Common Pleas of Philadelphia

Pursuant to 28 U.S.C. § 1447 and any Response thereto, it is hereby **ORDERED** that this

case is remanded back to the Court of Common Pleas of Philadelphia County, under

October Term, 2013, No. 419.

_____

J.

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUANITA LEWIS-HATTON | : |
| | : **CIVIL ACTION** |
| vs. | : |
| | : **NO.: 13-07619** |
| WAL-MART STORES EAST, LP | : |
| _____Defendant_____ | : |

## MOTION OF PLAINTIFF, JUANITA LEWIS-HATTON, TO REMAND CASE
## BACK TO COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## PURSUANT TO 28 U.S.C. § 1447

Plaintiff, Juanita Lewis-Hatton, by and through her counsel, Christopher L.

Giddings, P.C., now timely files this Motion to Remand Case Back to the Court of Common

Pleas of Philadelphia County Pursuant to 28 U.S.C. § 1447.

Plaintiff, Juanita Lewis-Hatton, filed this matter in the Arbitration Program of the

Court of Common Pleas of Philadelphia County as the accident occurred at "Wal-Mart"

store #5891 in Philadelphia, PA.  In her State Court Complaint, Plaintiff explicitly limits

potential damages to "an amount not in excess of fifty-thousand dollars ($50,000.00)".  (A

copy of Plaintiff's Complaint is attached hereto and marked as **Exhibit "A"**).   Despite the

limitation of damages in the State Court Complaint, Defendant filed a notice of removal

asserting that the amount in controversy of Plaintiff's claim actually exceeds the $75,000.00

threshold required for federal diversity jurisdiction and that diversity jurisdiction exists.

28 U.S.C. § 1332 (a), states in relevant part that *"[t]he district courts shall have original*

*jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive*

*of interest and costs, and is between – (1) citizens of different States [.]"*  In the instant matter, Plaintiff

chose to file her Complaint in State Court knowing that her damages were limited at a State

Court Arbitration Hearing.  According to 42 Pa. Judiciary Judicial Procedure §7361

Compulsory Arbitration "(b) No matter shall be referred under subsection (a): (2) where the amount in controversy, exclusive of interest and costs, exceeds $50,000."

As Plaintiff, Juanita Lewis-Hatton, filed her State Court Complaint in the Compulsory Arbitration Program she has limited herself to an amount in controversy "of $50,000.00 or less"(See Exhibit "**A**", page 1– Amount in Controversy).  Because the amount in controversy cannot exceed $50,000.00, federal jurisdiction is thwarted and as such this case must be remanded back to the Court of Common Pleas, Philadelphia County, pursuant to 28 U.S.C. §1447(c).

Furthermore, the fact that the injury to Plaintiff occurred in Wal-Mart store #5891 in Philadelphia, PA demonstrates that defendant has made themselves amenable to suit in the Courts of the Commonwealth.  Wal-Mart conducts continuous and systematic business in the state of Pennsylvania, it has numerous stores there, including the store in which Plaintiff fell and therefore "[i]t is evident that these operations establish sufficient contacts or ties with the state of the forum to make it reasonable and just, according to our traditional conception of fair play and substantial justice, to permit the state to enforce the obligations which appellant has incurred there[.]" *International Shoe Co. v. State of Washington et al.,* 326 U.S. 310 (1945).  Plaintiff is a Pennsylvania resident, she fell at a store in Philadelphia, it is reasonable and fair to have her action heard in the Philadelphia County Court of Common Pleas.

Wherefore, Plaintiff, Juanita Lewis-Hatton, respectfully requests this Honorable Court to grant Plaintiff's Motion to Remand this case back to Pennsylvania Court of Common Please, Philadelphia County, pursuant to 28 U.S.C. §1447(c).

**CHRISTOPHER L. GIDDINGS, P.C.**

By:

John Spitale, Esquire
Attorney ID 307457
3000 Market Street Suite 201
Philadelphia, PA 19104
(215) 243-3450

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUANITA LEWIS-HATTON | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | **NO.: 13-07619** |
| WAL-MART STORES EAST, LP | : | |
| _Defendant_ | : | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFF TO
REMAND CASE BACK TO COURT OF COMMON PLEAS OF PHILADELPHIA
COUNTY PURSUANT TO 28 U.S.C.§ 1447

I.      **Legal Standard**

        The party seeking to remove an action from state to federal court has the burden of

proof to establish jurisdiction and, if any doubts exist, they must be resolved in favor of a

remand.  _Shelly v. Commonwealth of Pa._, 451 F. Supp. 899, 901 (E.D. Pa. 1978).  Defendants, as

the removing party, carry a "heavy burden of persuasion" in making the showing.  _Batoff v._

_State Farm Ins. Co._, 977 F.2d 848, 851 (3d Cir. 1992).  "It is logical that is should have this

burden, for removal statutes 'are to be strictly construed against removal and all doubts

should be resolved in favor of remand.'"(Emphasis added), _Batoff_, 977 F.2d at 851, (quoting

_Steel Valley_, 809 F.2d at 1010).

II.     **The Case Should Not be Removed to Federal Court Because the Amount in**
        **Controversy Does Not Exceed $75,000.00.**

        Plaintiff, Juanita Lewis-Hatton, filed this matter in the Arbitration Program of the

Court of Common Pleas of Philadelphia County as the accident occurred at "Wal-Mart"

store #5891 in Philadelphia, PA.  In her State Court Complaint, Plaintiff explicitly limits

potential damages to "an amount not in excess of fifty-thousand dollars ($50,000.00)".  (A

copy of Plaintiff's Complaint is attached hereto and marked as **Exhibit "A"**).   Despite the

limitation of damages in the State Court Complaint, Defendant filed a notice of removal

asserting that the amount in controversy of Plaintiff's claim actually exceeds the $75,000.00 threshold required for federal diversity jurisdiction and that diversity jurisdiction exists.

28 U.S.C. § 1332 (a), states in relevant part that *"[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States [.]"* In the instant matter, Plaintiff chose to file her Complaint in State Court knowing that her damages were limited at a State Court Arbitration Hearing. According to 42 Pa. Judiciary Judicial Procedure §7361 Compulsory Arbitration "(b) No matter shall be referred under subsection (a): (2) where the amount in controversy, exclusive of interest and costs, exceeds $50,000."

As Plaintiff, Juanita Lewis-Hatton, filed her State Court Complaint in the Compulsory Arbitration Program she has limited herself to an amount in controversy "of $50,000.00 or less",(See Exhibit "**A**", page 1– Amount in Controversy), federal jurisdiction is thwarted and as such this case must be remanded back to the Court of Common Pleas, Philadelphia County, pursuant to 28 U.S.C. §1447(c).

III.    **The Case Should Not be Removed to Federal Court Because Defendant's Store is Located in Philadelphia, Pennsylvania**

This cause of action arose out of an occurrence in Wal-Mart store #5891 in Philadelphia, PA. Through this systematic and continuous contact with Pennsylvania, defendant has made themselves amenable to suit in the Courts of the Commonwealth.

Wal-Mart conducts continuous and systematic business in the state of Pennsylvania, it has numerous stores there, including the store in which Plaintiff fell and therefore "[i]t is evident that these operations establish sufficient contacts or ties with the state of the forum to make it reasonable and just, according to our traditional conception of fair play and substantial justice, to permit the state to enforce the obligations which appellant has incurred there[.]" *International Shoe Co. v. State of Washington et al.,* 326 U.S. 310 (1945).

Plaintiff is a Pennsylvania resident, she fell at a store in Philadelphia, it is reasonable and fair to have her action heard in the Philadelphia County Court of Common Pleas. Wal-Mart store #5891, being located in Philadelphia, Pennsylvania, is granted the protection of the laws of the Commonwealth of Pennsylvania and it is reasonable that Wal-Mart would have to defend suit under these laws in the Commonwealth Court.

## IV.    Conclusion

In this particular case, the Defendant has not met their burden for removal. First, Plaintiff filed this matter in a state court arbitration program which limited recovery to $50,000.00 or less. Second, given defendant's systematic and continuous contacts with the Commonwealth of Pennsylvania, Defendant has made themselves amenable to suit in the Commonwealth Court. As doubts exist as to diversity jurisdiction in this matter, "all doubts should be resolved in favor of remand." See *Batoff* at 851.

Wherefore, Plaintiff, Juanita Lewis-Hatton, respectfully requests this Honorable Court to grant Plaintiff's Motion to Remand this case back to Pennsylvania Court of Common Please, Philadelphia County, pursuant to 28 U.S.C. §1447(c).

**CHRISTOPHER L. GIDDINGS, P.C.**

By:    _____
John A. Spitale, Esquire
Attorney ID 307457
3000 Market Street Suite 201
Philadelphia, PA 19104
(215) 243-3450

## CERTIFICATE OF SERVICE

I, John A. Spitale, Esquire, hereby certify that a true and correct copy of the

foregoing Motion to Remand was filed electronically with the Court and is available for

viewing and downloading from the First Judicial District Electronic Filing System by the

following users:

Patrick J. McDonnell, Esquire
Marc R. Kamin, Esquire
**McDonnell & Associates, P.C.**
860 First Avenue, Suite 5B
King of Prussia, PA 19406
*Attorneys for Defendant*

**CHRISTOPHER L. GIDDINGS, P.C.**

1.10.14

By: _____
John A. Spitale, Esquire
Attorney ID 307457
3000 Market Street Suite 201
Philadelphia, PA 19104
(215) 243-3450