IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUANITA LEWIS-HATTON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 13-7619 |
| WAL-MART STORES EAST, LP, | : | |
| Defendant. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                      **FEBRUARY 7, 2014**

Presently before this Court is Plaintiff Juanita Lewis-Hatton's Motion to Remand and the Response in Opposition filed by Defendant Wal-Mart Stores East, LP. Plaintiff moves to remand this case that was initially removed on the basis of diversity jurisdiction arguing that Defendant has failed to show that the amount in controversy exceeds $75,000. For the following reasons, I will grant the Motion.

**I.      BACKGROUND**

On October 9, 2013, Plaintiff filed a one-count Complaint alleging negligence against Defendant in the Philadelphia County Court of Common Pleas for injuries allegedly sustained from a slip and fall due to "an accumulation of spilled and crushed produce and other food." (Pl.'s Mot. to Remand; Ex. A ¶ 6.) Plaintiff filed the action in the court's arbitration program, checked the box indicating that the amount in controversy was "$50,000 or less," and demanded damages "in an amount not in excess of fifty thousand dollars ($50,000), together with costs according to the law." Id.

On November 14, 2013, Defendant filed its Answer to Plaintiff's Complaint with New Matter, alleging in relevant part, that "Plaintiff's damages, if any, are limited to an amount not in excess of $50,000 and $75,000.00." (Def.'s Opp'n Pl.'s Mot. to Remand; Ex. I ¶ 6.)  On December 3, 2013, Plaintiff denied this allegation in her Reply to New Matter. (Id., Ex. I ¶ 7.) Due to the inconsistency between Plaintiff's Complaint, in which she alleged that damages are limited to $50,000, and her Reply to New Matter, in which she denied that damages are limited to $50,000 or $75,000, defense counsel sought clarification from Plaintiff's counsel by a letter dated December 16, 2013. (Id.; Ex. C.)  Defense counsel proposed a stipulation limiting damages to an amount not in excess of $50,000 and $75,000 and indicated that if Plaintiff's counsel did not respond by December 23, 2013, it would be defense counsel's understanding that Plaintiff is unwilling to stipulate. (Id.)  Plaintiff's counsel never responded. (Id. at p. 5.)

On December 30, 2013, Defendant filed a Notice of Removal, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1]  (Id.; Ex. I.)  Plaintiff filed the instant Motion to Remand on January 10, 2014.  Plaintiff does not dispute that the parties are diverse; rather, she contends that Defendant has failed to establish that the amount in controversy exceeds $75,000 as required for subject matter jurisdiction under 28 U.S.C. § 1332.[2]

**II.     DISCUSSION**

    **A.     Removal**

A civil action may be properly removed from state court to the federal district court if the

---

[1] 28 U.S.C. § 1332 provides, in relevant part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states."  See 28 U.S.C. § 1332(a).  A corporate entity is considered a citizen of its state of incorporation and of the state of its principal place of business.  28 U.S.C. § 1332(c)(1).

[2] Plaintiff is a citizen of Pennsylvania.  (Def.'s Opp'n Pl.'s Mot. to Remand; Ex. I ¶ 17.)  Defendant is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas.  (Id., Ex. I ¶ 18.)

district court has jurisdiction.  See 28 U.S.C. § 1441(a).  Federal district courts have jurisdiction over cases where there exists complete diversity between citizens of different states and where the amount in controversy exceeds the sum or value of $75,000.  See 28 U.S.C. § 1332(a).  After removal, the federal court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

"The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'"  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)); see also  Samuel–Bassett v. Kia Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (stating that Section 1441 must be construed "strictly against removal").  The United States Court of Appeals for the Third Circuit ("Third Circuit") explained that "[i]t is now settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel–Bassett, 357 F.3d at 396 and Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006)).

Plaintiff here moves to remand this case to state court pursuant to 28 U.S.C. § 1447 based on lack of diversity jurisdiction under 28 U.S.C. § 1332(a).  Since the parties agree diversity of citizenship exists, the sole question for the Court is whether the amount-in-controversy threshold has been met.  Plaintiff argues that the amount-in-controversy requirement is not met because she filed the case in the Philadelphia Court of Common Pleas explicitly designating that she seeks damages "not in excess of $50,000."  (Pl.'s Mem. Law Support Mot. to Remand at 1-2.)  Additionally, she emphasizes that the case was originally designated for the Compulsory Arbitration Program in the Court of Common Pleas of Philadelphia County, which caps damages

3

at $50,000 pursuant to 42 Pa. Cons. Stat. § 7361.  (Id. at p. 2.)  Defendant asserts that more than $75,000 is actually at stake because Plaintiff denied in her Reply to Defendant's New Matter that her damages are limited to $75,000 and she did not stipulate that her damages do not exceed $75,000.  (Def.'s Opp'n Pl.'s Mot. to Remand at 7-12.)  Defendant also argues that a reasonable reading of the Complaint reveals that the damages exceed the jurisdictional amount.  (Id.)

    B.    **Amount In Controversy**

"In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court."  Samuel–Bassett, 357 F.3d at 398.  "[T]he plaintiff is the master of her claim."  Morgan, 471 F.3d at 474.  As a result, "a plaintiff, if permitted by state laws, may limit her monetary claims to avoid the amount in controversy threshold."  Id.  The Third Circuit Court cautioned, however, that "plaintiffs in state court should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement."  Id. at 477.  Thus, even if a plaintiff states that her claims fall below the jurisdictional threshold amount, "plaintiff's pleadings are not dispositive under the legal certainty test."  Id.  at 474-75.  The Court does not merely accept Plaintiff's contentions, but is required to analyze the legal claims to determine if Plaintiff's actual monetary demands in the aggregate exceed the threshold.  Id. at 475.

      As averred in the ad damnum clause and on the civil cover sheet, Plaintiff's Complaint seeks damages not in excess of $50,000.[3]  "[W]here the plaintiff expressly limits her claim below the jurisdictional amount as a precise statement in the complaint . . . the *proponent* of the federal subject matter jurisdiction is held to a higher burden; that is, the proponent of

---

[3] "Pennsylvania law allows plaintiffs to limit their monetary claims in the ad damnum clause of their complaint."  Menard v. Hewlett Packard Co., No. 12-3570, 2012 WL 2938010, at *4 (E.D. Pa. July 19, 2012); see also Dunfee v. Allstate Ins. Co., No. 08-1425, 2008 WL 2579799, at *7 (E.D. Pa. June 26, 2008).

jurisdiction must show, to a legal certainty, that the amount in controversy *exceeds* the statutory threshold."[4]  Federico, 507 F.3d at 196-97; see also Morgan, 471 F.3d at 474.  Notably, "[e]ven if a plaintiff states that her claims fall below the threshold, this Court must look to see if plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not."  Morgan, 471 F.3d at 474-75.  In cases, unlike here, where the plaintiff has not specified in the complaint that the amount in controversy is less than the jurisdictional minimum, remand is appropriate when it appears to a legal certainty that the plaintiff *cannot* recover over the jurisdictional amount.  See Frederico, 50 F.3d at 197; see also Samuel-Bassett, 357 F.3d 397-98.  "When there are disputes over factual issues, the 'party alleging jurisdiction [must] justify his allegations by a preponderance of the evidence.'"  Minissale v. State Farm Fire & Casualty Co., No. 13-5912, 2013 WL 6731981, at *2 (E.D. Pa. Dec. 20, 2013) (quoting Samuel-Bassett, 357 F.3d at 397).

    C.    **Analysis**

In this case, Defendant fails to meet the high burden of proving to a legal certainty that the amount in controversy exceeds $75,000.  Defendant argues that Plaintiff's failure to stipulate, and denial to its New Matter, that the amount in controversy is less than $50,000 or $75,000 shows that diversity jurisdiction is satisfied.  (Def.'s Opp'n Pl.'s Mot. to Remand at 7-12.)  While probative, under the facts of this case as we currently know them, Plaintiff's refusal and denial alone are insufficient to meet Defendant's burden.  See Minissale, 2013 WL 6731981, at *2 ("While there is some disagreement, the majority of opinions in the Eastern District of

---

[4] "The 'legal certainty' standard is somewhat amorphous, but is generally considered to require something less than 'absolute certainty,' but 'more stringent' than a preponderance of the evidence." Stephenson v. Consolidated Rail Corp., No. 13-784, 2013 WL 1750005, at *2 (D.N.J. Apr. 23, 2013) (citations and internal citations omitted).

Pennsylvania found a plaintiff's refusal to stipulate the amount in controversy, alone, is insufficient to show subject matter jurisdiction."); Heffner v. LifeStar Resp. of N.J., Inc., No. 13-194, 2013 WL 5416164, at *7 (E.D. Pa. Sept. 23, 2013) ("While evidence of a requested-and-rejected stipulation limiting damages, if provided by defendant, may not have been dispositive of the instant amount-in-controversy dispute, record evidence of plaintiff's refusal to stipulate to damages below the jurisdictional threshold would have offered some support for defendant's assertion that plaintiff's claims are truly for more than the jurisdictional minimum amount."); Menard v. Hewlett Packard Co., No. 12-3570, 2012 WL 2938010, at *4 (E.D. Pa. July 19, 2012) ("But just as a complaint that limits damages to a figure below the jurisdictional threshold does not guarantee that the case stays out of federal court, a lawyer's refusal to limit his clients' recovery by signing a stipulation should not end the inquiry."); Lee v. Walmart, Inc., 237 F. Supp. 2d 577, 580 (E.D. Pa. 2002) ("While a plaintiff's failure to stipulate might provide some evidence that a claim is truly for more than the jurisdictional minimum, I do not believe that fact may alone shoulder the burden of § 1332 jurisdiction.")

Defendant correctly points out that Plaintiff could appeal an arbitration decision in the Philadelphia Court of Common Pleas seeking more than $50,000. (Def.'s Opp'n Pl.'s Mot. to Remand at 10. n. 2) "Because state law allows Plaintiff to recover damages exceeding $50,000 in a de novo appeal from arbitration, then the amount he sought in the ad damnum clause obviously is not dispositive." Wilson v. Walker, 790 F. Supp. 2d 406, 409-10 (E.D. Pa. 2011); see also Mazza v. Peerless Indemnity Ins. Co., No. 13-3225, 2013 WL 4014569, at *3 (E.D. Pa. Aug. 7, 2013) ("Defendant's speculations about future awards on appeal are inadequate to establish subject-matter jurisdiction, because a later recovery upon de novo review is too theoretical to demonstrate that the amount in controversy exceeded the jurisdictional limit.");

Menard, 2012 WL 2938010, at *4 ("The legal certainty test and the rule requiring courts to resolve doubts in favor of remand would ring hollow if the mere possibility that a plaintiff could recover more than $75,000 from an appeal of a compulsory arbitration satisfied Defendant's burden.")  Here, we do not solely rely upon the fact that Plaintiff's case was designated for Philadelphia County's Court of Common Pleas Compulsory Arbitration Program to show that the amount in controversy does not meet the jurisdictional limit.  Likewise, we do rely upon Defendant's speculation about future awards on appeal to establish subject-matter jurisdiction.

Defendant, also, asserts that the basis of its removal stems from Plaintiff's boilerplate allegations of severe, permanent injury, including future pain, as well as lost earnings and earning power.  (Def.'s Not. of Removal ¶¶ 21-23) (citing Compl. ¶¶ 8, 9, 12)  While we acknowledge that these alleged injuries are not insignificant, we have no sense of what injuries or medical expenses Plaintiff is claiming.  Likewise, neither Plaintiff nor Defendant has provided any information regarding damages for lost wages.  We do not know what occupation Plaintiff has or how such employment has been impacted by the injuries caused by the alleged slip and fall.  There is no colorable dispute regarding any underlying jurisdictional facts because neither Plaintiff nor Defendant has provided any specific information regarding the damages allegedly incurred, and no request for limited jurisdictional discovery in this action has been made.  Defendant relies upon pure speculation leaving this Court to guess whether the jurisdictional threshold has been met under the current facts of this case.  "[T]he removing party 'must provide more than mere speculation or tenuous inferences and assumptions about the amount in controversy to satisfy [the burden of establishing the requisite amount in controversy].'"  Smith v. Schneider Nat'l Carriers, Inc., No. 13-6603, 2014 WL 59881, at *2 (E.D. Pa. Jan. 7, 2014) (quoting Freeman v. Wal-Mart Stores, Inc., No. 11-3816, 2012 WL 893085, at *2 (D.N.J. Mar.

7

13, 2012)).  "If a court 'has to guess at whether the jurisdictional threshold has been met, then defendant has not proved its point.'"  Id. (quoting Freeman, 2012 WL 893085, at *2); see also Heffner, 2013 WL 5416164, at *5 ("Where the court is left to guess at whether the jurisdictional threshold has been met, then a removing defendant has not carried its burden."); Menard, 2012 WL 2938010, at *5 (same); Hodges v. Walgreens, No. 12-1162, 2012 WL 1439080, at *4 (E.D. Pa. Apr. 26, 2012) ("Defendants' bare assertion and mere speculation falls short of establishing to a legal certainty that the amount in controversy does exceed $75,000.")  We are left to guess at whether the jurisdictional threshold has been met; therefore, Defendant has not carried its burden.

The Third Circuit has cautioned that removal statutes are to be strictly construed against removal, and that all doubts should be resolved in favor of remand.  See Boyer, 913 F.2d at 111.  With this directive in mind, and given the fact that Plaintiff limited her Complaint to under $50,000, below the jurisdictional minimum of $75,000, and Defendant has not shown to a legal certainty that the amount in controversy exceeds $75,000, this Court remands the action to state court.[5]

### III.  CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is granted.  This matter is remanded to the Court of Common Pleas of Philadelphia County.

An appropriate Order follows.

---

[5] We need not address the timeliness of Defendant's Notice of Removal because Plaintiff does not raise the issue and we find that Defendant failed to establish that the amount in controversy is met for diversity jurisdiction.